IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SKIBA,    )  | |
| )  | Civil Action No. 05 - 919 |
| Plaintiff,    )  | |
| )  | Judge Thomas M. Hardiman / |
| v.    )  | Magistrate Judge Lisa Pupo Lenihan |
| )  | |
| JOE SPANIK; CHARLIE CAMP; DAN    )  | |
| DONNATELLA; and WILLIAM SHOUPPE,    )  | |
| )  | |
| Defendants.    )  | |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that the Complaint in the above-captioned case be dismissed due to Plaintiff's failure to prosecute this action.

II.   REPORT

Plaintiff, Michael Skiba, an inmate formerly confined at the Beaver County Jail, commenced this action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Named as Defendants are Beaver County Commissioners Joe Spanik, Charlie Camp, Dan Donnatella, and Warden William Shouppe. For the reasons set forth below, this action should be dismissed due to Plaintiff's failure to prosecute his claims.

A. Relevant Procedural History

On July 21, 2005, this Court granted Plaintiff's Motion to Proceed In Forma Pauperis (doc. no. 2). The Complaint was filed and served and on June 12, 2006, Defendants filed a Motion to Dismiss the Complaint (doc. no. 18) and a Brief in Support thereof (doc. no. 17). On October 4, 2006, this Court entered an Order (doc. no. 19) directing Plaintiff to file a response to the motion

to dismiss no later than November 1, 2006. Plaintiff failed to comply with this order. On December 5, 2006, this Court issued an Order for Plaintiff to show cause why his Complaint should not be dismissed for failure to prosecute by December 29, 2006 (doc. no. 20). The Order further notified Plaintiff that his failure to respond would result in a report to the District Judge recommending dismissal of his Complaint for failure to prosecute. To date, Plaintiff has failed to respond to this Court's Orders and has failed to do anything to actively prosecute his action.

### B. Plaintiff's Failure to Prosecute

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive

a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld).  Under these directives, this Court will analyze the present action to determine whether it should grant the Defendant's motion to dismiss based on the Plaintiff's failure to prosecute.

Plaintiff is proceeding pro se in this action.  Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case.  Accordingly, under the first factor, it appears that Plaintiff personally is responsible for the failure to respond to this Court's orders.  With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to the Defendants other than general delay.  With respect to the third factor, Plaintiff has failed to respond to any of the Court's orders.  Plaintiff has not filed any response to date; nor has he filed any motion for an extension of time.  Thus, he has shown dilatoriness in proceeding with his action.  With respect to the fourth factor, this Court cannot determine whether the conduct of the Plaintiff was willful or in bad faith.  The fifth factor to consider is the effectiveness of sanctions other than dismissal.  Because Plaintiff has not even paid the filing fee or motion to proceed in forma pauperis, it does not appear that monetary sanctions are appropriate.  Finally, it does not appear from the allegations that Plaintiff has any likelihood of success on the merits.

III.    CONCLUSION

The analysis of the six factors as applied to the facts before this Court reveals that the Complaint in this action should be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                                   Lisa Pupo Lenihan
                                                                   United States Magistrate Judge

Dated: January 9, 2007

cc:         The Honorable Thomas M. Hardiman
            United States District Judge

            Michael Skiba
            GP-1158
            S.C.I. Albion
            10745 Route 18
            Albion, PA 16475 - 0001

            All counsel of record.